**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| WILLIAM MARK CUMALANDER, *on behalf of himself and all others similarly situated*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BLUECROSS BLUESHIELD OF TENNESSEE, INC.,<br><br>　　　　Defendant. | Civil Action No. 1:24-cv-00176-TRM-CHS |

**DEFENDANT BLUECROSS BLUESHIELD OF TENNESSEE, INC.'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND**
<u>**MOTION TO STRIKE CLASS ALLEGATIONS**</u>

# TABLE OF CONTENTS

|      |                                                                                                                  | Page |
|------|------------------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION ................................................................................................... | 1    |
| II.  | ARGUMENT ........................................................................................................ | 1    |
|      | A. Cumalander's claim for equitable relief under 29 U.S.C. § 1132(a)(3) fails............ | 1    |
|      | B. Cumalander's disgorgement of profits remedy fails as a matter of law. ................. | 5    |
|      | C. The Court should strike Cumalander's class claims because they require inherently individualized questions. ................................................................. | 6 |
|      | D. Reprocessing is not available as a class-wide remedy............................................ | 8    |
|      |     1. Reprocessing requires individualized inquiries that preclude class resolution......................................................................................... | 8 |
|      |     2. Reprocessing does not provide "final relief" under Rule 23(b)(2). ........... | 10 |
| III. | CONCLUSION................................................................................................... | 10 |

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chicago Teachers Union, Local 1 v. Bd. of Educ. of Chi.*,
  307 F.R.D. 475 (N.D. Ill. 2015) .................................................................................. 10

*Davis v. Hartford Life & Accident Ins. Co.*,
  No. 3:14-CV-00507-TBR, 2016 WL 1574151 (W.D. Ky. Apr. 19, 2016) *aff'd*, 980 F.3d 541
  (6th Cir. 2020) .............................................................................................................. 5, 6

*Day v. Humana Ins. Co.*,
  335 F.R.D. 181 (N.D. Ill. 2020) .................................................................................. 7

*Escalante v. Cal. Physicians' Serv.*,
  309 F.R.D. 612 (C.D. Cal. 2015) ................................................................................ 8

*Greenwell v. Grp. Health Plan for Emps. of Sensus USA*,
  505 F. Supp. 3d 594 (E.D.N.C. 2020) ........................................................................ 6

*Hill v. Blue Cross Blue Shield of Mich.*,
  409 F.3d 710 (6th Cir. 2005) .................................................................................. 2, 3, 4

*Holmes v. FCA US LLC*,
  No. 5:20-cv-13335, 2022 WL 2402655 (E.D. Mich. Mar. 8, 2022) ....................... 3, 4

*Kartman v. State Farm Mut. Auto. Ins. Co.*,
  634 F.3d 883 (7th Cir. 2011) ..................................................................................... 10

*Moss v. Unum Life Ins. Co.*,
  495 F. App'x 583 (6th Cir. 2012) .............................................................................. 5

*Osborn v. Principal Life Ins. Co.*,
  No. 2:17-cv-329, 2017 WL 4517621 (S.D. Ohio Oct. 10, 2017) ............................. 5

*Outward v. Eaton Corp. Disability Plan for U.S. Employees*,
  808 F. App'x 296 (6th Cir. 2020) .............................................................................. 2

*Paul v. Blue Cross Blue Shield of North Carolina*,
  No. 5:23-CV-354-FL, 2024 WL 1286208 (E.D.N.C. Mar. 26, 2024) ...................... 6

*Pilgrim v. Universal Health Card,
  LLC*, 660 F.3d 943 (6th Cir. 2011) ........................................................................... 7

*Rochow v. Life Ins. Co. of N. Am.*,
  780 F.3d 364 (6th Cir. 2015) ............................................................................. passim

*Select Specialty Hosp.-Memphis v. Trs. of Langston Cos.*,
  No. 2:19-cv-2654-JPM-TMP, 2020 WL 4275264 (W.D. Tenn. July 24, 2020) ....... 5

*Sliwinski v. Aetna Life Ins. Co.*,
   No. 17-cv-01528-RM-MEH, 2017 WL 4616599 (D. Colo. Oct. 16, 2017), *report and recommendation adopted*, No. 17-CV-01528-RM-MEH, 2018 WL 4697310 (D. Colo. Mar. 2, 2018) ............................................................................................................................. 6

*Talbot v. Reliance Standard Life Ins. Co.*,
   No. CV-14-00231-PHX-DJH, 2015 WL 4134548 (D. Ariz. June 18, 2015) .............................. 6

*Titus v. Operating Eng'rs' Loc. 324 Pension Plan*,
   No. 16-cv-10951, 2018 WL 836528 (E.D. Mich. Feb. 13, 2018) ............................................. 3

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ............................................................................................................. 6, 7

*Wit v. United Behav. Health*,
   79 F.4th 1068 (9th Cir. 2023) ......................................................................................... 8, 9, 10

*Wit v. United Behavioral Health*,
   317 F.R.D. 106 (N.D. Cal. 2016) ............................................................................................ 10

*Z.D. ex rel. J.D. v. Group Health Co-op*,
   No. C11-1119RSL, 2012 WL 1977962 (W.D. Wash. June 1, 2012) ........................................ 8

**Statutes**

29 U.S.C. § 1132(a)(1)(B) ............................................................................................... passim

29 U.S.C. § 1132(a)(3) .................................................................................................... passim

**Rules**

Fed. R. Civ. P. 23(b)(1)(B) ...................................................................................................... 10

Fed. R. Civ. P. 23(b)(2) ................................................................................................... 1, 8, 10

## I.  INTRODUCTION

The Court should dismiss Cumalander's claim for equitable relief under 29 U.S.C. § 1132(a)(3) (Count II) as a matter of law because it is merely a repackaged claim for benefits under § 1132(a)(1)(B) (Count I). Cumalander's efforts to distinguish Count II from Count I fail because the *injury* Cumalander allegedly suffered is the same—the allegedly wrongful denial of benefits. Cumalander's duplicative claim under § 1132(a)(3) is barred under binding Sixth Circuit authority. Likewise, Cumalander concedes his disgorgement of profits remedy is barred as a matter of law because it would be an impermissible duplicative recovery of his benefits claim.

The Court should also strike Cumalander's class action claims because the Complaint does not and could never satisfy Rule 23's commonality requirement. Contrary to Cumalander's assertions, a class is impossible here because BCBST explicitly considers each individual member's unique medical circumstances to determine whether the claim is covered under the proton beam radiation therapy ("PBRT") medical policy.

Finally, the Court should dismiss Cumalander's "reprocessing" remedy as a matter of law. The authorities Cumalander cites do not dispute that class-wide reprocessing injunctions require too many individualized medical necessity determinations and fail to provide the "final" relief required under Fed. R. Civ. P. 23(b)(2).[1]

## II.  ARGUMENT

### A.  Cumalander's claim for equitable relief under 29 U.S.C. § 1132(a)(3) fails.

Cumalander may not repackage his § 1132(a)(1)(B) claim for denial of benefits as a §

---

[1] On June 18, 2024, counsel for BCBST contacted counsel for Cumalander to meet and confer about this Motion. No response has ever been received from Cumalander to this request. BCBST has remained available to meet and confer and would have been willing to withdraw this Motion had Cumalander stated he wished to amend his Complaint. Cumalander has not done so.

1132(a)(3) claim for equitable relief. The Sixth Circuit is clear that "where Congress elsewhere provided *adequate* relief for a beneficiary's *injury*, there will likely be *no need* for further equitable relief, in which case such relief normally would *not be appropriate*." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 371 (6th Cir. 2015) (emphasis in original). ERISA is "concerned with the adequacy of relief to redress the claimant's injury, not the nature of the defendant's wrongdoing." *Id.* *Rochow* explained that "[i]mpermissible repackaging is implicated whenever, in addition to the particular adequate remedy provided by Congress, a duplicative or redundant remedy is pursued to redress the same injury." *Id.* at 373. Because the *injury* Cumalander has allegedly suffered is the same under either cause of action—the allegedly wrongful denial of benefits based on BCBST's PBRT medical policy—Cumalander's duplicative claim under § 1132(a)(3) fails.

Cumalander attempts to rely on an exception to the "repackaging" doctrine in *Hill v. Blue Cross Blue Shield of Mich.*, 409 F.3d 710 (6th Cir. 2005), which preceded *Rochow*. In *Hill*, the plaintiffs filed a putative class action for denial of benefits under Section 1132(a)(1)(B) and plan-wide claims mishandling under Section 1132(a)(3). 409 F.3d at 715-16. The Sixth Circuit permitted both claims to go forward, reasoning that the 1132(a)(3) claim addressed a separate and distinct injury—namely, that the plan administrator used an improper methodology for handling claims for which "only injunctive relief of the type available under § 1132(a)(3) will provide the complete relief sought by Plaintiffs by requiring BCBSM to alter the manner in which it administers all the Program's claims for emergency-medical-treatment expenses." *Id.* at 717-21.

More recent Sixth Circuit authority has clarified *Hill* and confirms that Cumalander's claims do not fall into the narrow *Hill* exception. In *Outward v. Eaton Corp. Disability Plan for U.S. Employees*, 808 F. App'x 296 (6th Cir. 2020), the plaintiff brought claims under both Section 1132(a)(1)(B) for denial of benefits and under Section 1132(a)(3) seeking to "change an overly

2

restrictive plan interpretation for the benefit of all beneficiaries." *Id.* at 315. As here, the plaintiff sought relief both for denial of benefits and a "plan-wide" revision to the plan administrator's benefit administration. Relying on *Varity*, *Wilkins*, and *Rochow*, the Sixth Circuit found "the change she seeks is simply and ultimately a re-adjudication of the denial of her claim for benefits. Supreme Court and circuit precedent prohibit just such an effort." *Id.* at 314-15.

Likewise, in *Holmes v. FCA US LLC*, No. 5:20-cv-13335, 2022 WL 2402655, at *9 (E.D. Mich. Mar. 8, 2022), the plaintiff attempted to rely on *Hill* to bring a Section 1132(a)(1)(B) claim for benefits along with an 1132(a)(3) claim alleging that FCA's "incorrect and inequitable methodology" of denying claims breached "FCA's fiduciary duty to Plaintiff and other beneficiaries" and impacted "other Plan members and beneficiaries as well as Plaintiff." *Id.* at *2, *9 (citation omitted), *report and recommendation adopted by* No. 20-cv-13335, 2022 WL 6736294 (E.D. Mich. Oct. 11, 2022). The court rejected the plaintiff's effort "to shoehorn his case into an exception to the 'repackaging' doctrine found in *Hill*" and found that "a perfunctory allegation of plan-wide harm does not bring a § 1132(a)(3) claim into the *Hill* exception" because all causes of action ultimately sought to redress a denial of benefits. *Id.*; *see also Titus v. Operating Eng'rs' Loc. 324 Pension Plan*, No. 16-cv-10951, 2018 WL 836528, at *5 (E.D. Mich. Feb. 13, 2018) (refusing to apply the *Hill* exception because the 1132(a)(3) count was a "mere repackaging" and all counts ultimately sought to remedy a denial of benefits). The same is true here.

Cumalander's Complaint reveals the *injury* Cumalander seeks to redress is the same—the denial of PBRT benefits based on BCBST's Medical Policy:

|  | Count I<br>Section 1132(a)(1)(B) | Count II<br>Section 1132(a)(3) |
|---|---|---|
| **Injury Alleged** | • BCBST "wrongfully denied" claims for PBRT | • BCBST "categorically and improperly denied requests for PBRT" |

3

|  | - BCBST "wrongfully denied" claims for PBRT "by unreasonably relying upon its Medical Policy"<br>- BCBST's Medical Policy is "flawed, out-of-date, and artificially restrictive"<br><br>*Id.* ¶¶ 92-93. | - BCBST "adopt[ed] and implement[ed] a Proton Beam Therapy Medical Policy to deny coverage for PBRT"<br>- BCBST "applied its Medical Policy without any recent clinical developments" and "ignored current scientific evidence"<br><br>*Id.* ¶¶ 103, 108, 112. |
|---|---|---|
| **Remedy Requested** | Cumalander seeks "the relief identified below," which includes:<br>- Reprocessing and "recoupment" and "payment" of benefits<br>- Disgorgement of profits<br>- An order requiring BCBST to "revise and update its Medical Policy to be consistent with current medical literature, research, studies, trials, and generally accepted standards of medical care"<br><br>*Id.*, Prayer for Relief. | Cumalander seeks:<br>- "Re-review" of "improperly denied claims"<br>- Disgorgement of profits<br>- An order requiring BCBST to "revise and update its Medical Policy to be consistent with current medical literature, research, studies, trials, and generally accepted standards of care"<br><br>*Id.* ¶ 114. |

Thus, Cumalander's Section 1132(a)(3) claim cannot "only" be remedied by injunctive relief, as was in the case in *Hill*.

Cumalander urges this Court to wait to dismiss his duplicative Section 1132(a)(3) claim until after a determination of whether "adequate relief" will be "ultimately available" under Section 1132(a)(1)(B). Opp. at 4. But in *Rochow*, the Sixth Circuit rejected this argument and made clear that a claimant "can pursue a breach-of-fiduciary-duty claim under [§ 1132(a)(3)], irrespective of the degree of success obtained on a claim for recovery of benefits under [§ 1132(a)(1)(B)], *only* where the breach of fiduciary duty claim is based on an *injury* separate and distinct from the denial of benefits or where the remedy afforded by Congress under § [1132](a)(1)(B) is otherwise shown to be inadequate." 780 F.3d at 372 (emphasis added); *see also Holmes*, 2022 WL 2402655, at *9 n.7 (distinguishing the Sixth Circuit from other Circuits that permit plaintiffs to "assert otherwise repackaged [ERISA] claims in the alternative"). The

"deciding factor" in determining whether a plaintiff can state a claim under § 1132(a)(3) "is not whether a plaintiff *has* recovered under § 1132(a)(1)(B)" successfully, "but rather, whether a plaintiff *may* recover." *Moss v. Unum Life Ins. Co.*, 495 F. App'x 583, 589 (6th Cir. 2012) (emphasis added) (affirming the dismissal of a § 1132(a)(3) claim "even before addressing whether there was adequate relief available . . . under § 1132(a)(1)(B)").

Numerous courts in this Circuit have dismissed duplicative Section 1132(a)(3) claims on the pleadings without waiting for an "ultimate" availability determination. *See Select Specialty Hosp.-Memphis v. Trs. of Langston Cos.*, No. 2:19-cv-2654-JPM-TMP, 2020 WL 4275264, at *11 (W.D. Tenn. July 24, 2020) (dismissing a Section 1132(a)(3) claim on the pleadings because both ERISA claims sought "to recover for the same injury"); *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-CV-00507-TBR, 2016 WL 1574151, at *4 (W.D. Ky. Apr. 19, 2016) (dismissing a Section 1132(a)(3) claim on the pleadings despite allegations that the claims process was "systematically flawed" because the "only injury [he] purports to have suffered is loss of benefits—an injury § 1132(a)(1)(B) is designed to address."), *aff'd*, 980 F.3d 541 (6th Cir. 2020); *see also Osborn v. Principal Life Ins. Co.*, No. 2:17-cv-329, 2017 WL 4517621, at *4 (S.D. Ohio Oct. 10, 2017) (dismissing a Section 1132(a)(3) claim on the pleadings based on *Rochow*).

### B. Cumalander's disgorgement of profits remedy fails as a matter of law.

Cumalander concedes his disgorgement of profits remedy is barred under *Rochow* because it would "result in an impermissible duplicative recovery." *Rochow*, 780 F.3d at 371. But he argues that dismissal of his profit-disgorgement remedy is "premature" at the pleadings stage. This position was rejected by *Rochow* and its progeny. Courts routinely dismiss duplicative disgorgement of profits remedies on the pleadings. *See, e.g.*, *Davis*, 2016 WL 1574151, at *4 (dismissing disgorgement claim on the pleadings because the § 1132(a)(1)(B) claim provided

5

adequate relief for the only alleged injury); *Talbot v. Reliance Standard Life Ins. Co.*, No. CV-14-00231-PHX-DJH, 2015 WL 4134548, at *15 (D. Ariz. June 18, 2015) (dismissing disgorgement remedy on the pleadings because *Rochow* "clearly precludes disgorgement under § 1132(a)(3)"), *aff'd*, 790 F. App'x 129 (9th Cir. 2020); *Sliwinski v. Aetna Life Ins. Co.*, No. 17-cv-01528-RM-MEH, 2017 WL 4616599, at *7 (D. Colo. Oct. 16, 2017) (relying on *Rochow* to recommend dismissal of a disgorgement remedy on the pleadings), *report and recommendation adopted*, No. 17-CV-01528-RM-MEH, 2018 WL 4697310 (D. Colo. Mar. 2, 2018).

### C. The Court should strike Cumalander's class claims because they require inherently individualized questions.

Contrary to Cumalander's assertions, all of the superficial "common questions" he sets out in Paragraph 81 of the Complaint do not satisfy the "rigorous analysis" required by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), because they do not demonstrate that common issues "can productively be litigated at once" and do not generate common answers that are "apt to drive the resolution of the litigation." *Id.* at 350-51.

Cumalander alleges that one allegedly "common question" is whether BCBST "categorically applied" its PBRT Medical Policy to deny coverage. Compl. ¶ 81(b). But the plain language of the Medical Policy demonstrates otherwise: it considers the "unique clinical circumstances applicable to a specific member that would make use of proton beam therapy medically appropriate." Dkt. 49-1 at 2.[2] As in *Dukes* and *Day v. Humana Ins. Co.*, 335 F.R.D.

---

[2] Cumalander relies on *Greenwell v. Grp. Health Plan for Emps. of Sensus USA*, 505 F. Supp. 3d 594 (E.D.N.C. 2020). But unlike here, the PBRT medical policy in *Greenwell* afforded no discretion to consider individual medical circumstances: PBRT was uniformly denied for prostate cancer. *Id.* at 600. The same was true in *Paul v. Blue Cross Blue Shield of North Carolina*, No. 5:23-CV-354-FL, 2024 WL 1286208, at *7 (E.D.N.C. Mar. 26, 2024). In contrast, BCBST's Medical Policy expressly considers the member's individual circumstances, medical history, stage and severity of cancer, and other factors.

181 (N.D. Ill. 2020), there is no "glue" linking Cumalander's proposed class together because BCBST's medical policy "does not compel [BCBST] to grant or deny PBRT coverage for any particular medical condition." *Day*, 335 F.R.D. at 199-200. BCBST has discretion to determine whether putative class members' treatment is appropriate based on the member's individual medical circumstances and the plan language, rather than on a categorical exclusion. Compl. ¶¶ 24, 38, 102; *see also Day*, 335 F.R.D. at 199 (concluding that Day's allegations "nowhere identify a common way in which Humana applies the Plan (or other plans it administers) to deny PBRT coverage" because "each class member would need to show that Humana misapplied the Plan language to his or her specific medical circumstances"). Cumalander attempts to distinguish *Dukes* because it reversed class certification after discovery. Opp. at 11. But case law applying *Dukes*, including *Day* and binding Sixth Circuit authority, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011), demonstrate that striking Cumalander's class allegations on the pleadings is appropriate because discovery could not "alter the central defect[s]" in his class claims. *Id.* at 945, 949.

Cumalander also attempts to distinguish *Day* because the class in *Day* sought PBRT for many cancer types, rather than just one. Opp. at 11, 16. This distinction does not change anything: regardless of the type of cancer alleged, BCBST considered the individual medical circumstances of each member – including medical history, preexisting conditions, and severity of condition – such that there are no questions capable of common resolution.

Cumalander alleges that another "common question" is whether BCBST's Medical Policy "conflicts with Class Members' Plans." Compl. ¶ 81(d). But to determine whether this is indeed an issue common to the class, the Court would necessarily have to examine the language of each putative class member's plan. This is not a case involving one uniform categorical exclusion in

7

all plans, as in the cases Cumalander cites. In *Z.D. ex rel. J.D. v. Group Health Co-op*, No. C11-1119RSL, 2012 WL 1977962 (W.D. Wash. June 1, 2012), the plaintiff moved to certify a class of individuals denied coverage based on a uniform exclusion in all plans. *Id.* at *1, *12. Likewise, *Escalante v. Cal. Physicians' Serv.*, 309 F.R.D. 612, 619 (C.D. Cal. 2015), involved certification of a class based on a categorical exclusion in a single plan document.

Here, by comparison, there are a wide variety of plans with varying plan language that afford BCBST discretion to determine whether PBRT is appropriate based on individual circumstances. *See, e.g.*, Doc. 1-1 (the "Plan"), at 56 (BCBST's Medical Director has "discretionary authority to make a determination concerning whether a service or supply is Investigational."). BCBST's Medical Policy likewise provides discretion for BCBST to evaluate the individual medical circumstances of each member. *See* Doc. 49-1 at 2.

### D. Reprocessing is not available as a class-wide remedy.

Cumalander is barred from seeking class-wide reprocessing as a matter of law because it would require too many individualized determinations of medical necessity and eligibility and would fail to provide "final . . . relief" as required under Fed. R. Civ. P. 23(b)(2).

#### 1. Reprocessing requires individualized inquiries that preclude class resolution.

To support his argument that reprocessing is appropriate here, Cumalander cites to the district court opinion in *Wit* but fails to inform this Court that *Wit* was reversed by the Ninth Circuit. *Wit v. United Behav. Health*, 79 F.4th 1068 (9th Cir. 2023). Despite BCBST's considerable discussion of *Wit* in its opening brief, Cumalander failed to address the Ninth Circuit's opinion in that case at all. As here, the *Wit* plaintiffs tried to invent an additional remedy, "reprocessing," to circumvent Rule 23 requirements that bar class-wide relief when there are

individualized questions involved in determining entitlement to benefits. *Id.* The Ninth Circuit found that reprocessing was not an appropriate remedy for two separate reasons.

First, *Wit* held that reprocessing does not "constitute[] relief that was typically available in equity for infirm Guidelines unrelated to Plaintiffs' claim for benefits. Consequently, the district court erred in concluding that reprocessing was an available remedy under 29 U.S.C. § 1132(a)(3)." *Id.* at 1086.

Second, *Wit* established that class-wide reprocessing is not available because it requires an individualized claims review of each remanded claim. To be eligible for "re-review" of denied claims and "recoupment" of benefits, a plaintiff must "sho[w] that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard." *Wit*, 79 F.4th at 1084. The class in *Wit* included members whose "claims could have been denied for reasons wholly independent of the [g]uidelines" at issue, so the class could not satisfy these prerequisites. *Id.* at 1085-86. The court concluded that the plaintiffs "have fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible," and used class certification "in a way that enlarged or modified Plaintiffs' substantive rights in violation of the Rules Enabling Act." *Id.* at 1086. The Ninth Circuit thus held that reprocessing relief on a class-wide basis was reversible error. *Id.*

The same is true here. Both BCBST's Medical Policy and Cumalander's Plan consider the individual medical circumstances of each member. And as in *Wit*, BCBST would have to undertake a similar analysis for each claim to assess eligibility, exhaustion of appeals, and other factors. There is no common exclusion to allow uniform reprocessing.

9

### 2. Reprocessing does not provide "final relief" under Rule 23(b)(2).

Class actions under Rule 23 should be "dispositive of the interests of the other members" of the class. Fed. R. Civ. P. 23(b)(1)(B). Returning claims to BCBST for reprocessing would not be dispositive because it would merely "lay an evidentiary foundation for subsequent individual determinations" of medical necessity, which may (or may not) lead to the approval of claims and payment of benefits that Cumalander ultimately seeks. *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011).

Cumalander's attempt to distinguish *Kartman* as a "hail damage roofing case" fails. *Kartman* applies equally in the ERISA context: an injunctive class is permitted only when "plaintiffs seek 'final injunctive relief' that is 'appropriate respecting the class as a whole.'" *Id.* at 893. The district court in *Wit* also tried to distinguish *Kartman* as a non-ERISA case. *Wit v. United Behavioral Health*, 317 F.R.D. 106, 138 (N.D. Cal. 2016). In reversing, the Ninth Circuit aligned with *Kartman* and found reprocessing was not available class-wide. *Wit*, 79 F.4th at 1086.

*Chicago Teachers Union, Local 1 v. Bd. of Educ. of Chi.*, 307 F.R.D. 475 (N.D. Ill. 2015), upon which Plaintiffs rely, acknowledges that Rule 23(b)(2) classes cannot afford final relief when they require "individual hearings to determine the basic question of liability." 307 F.R.D. at 485. Here, reprocessing would require re-adjudication of each member's claims to determine whether PBRT was medically necessary and that he or she was otherwise entitled to coverage under the relevant plan. Reprocessing is not final and thus fails as a matter of law under Rule 23(b).

### III. CONCLUSION

BCBST requests the Court dismiss Cumalander's claim for equitable relief under 29 U.S.C. 1132(a)(3) (Count II), request for disgorgement of profits, and request for claims reprocessing. BCBST further requests that the Court strike the class allegations from the Complaint.

DATED this 16th day of July, 2024.

                *s/ Gwendolyn C. Payton*
                Marc H. Harwell, BPR #013817
                marc@harwelllawgroup.com
                HARWELL & HURST PLLC
                832 Georgia Avenue, Suite 510
                Chattanooga, TN 37402
                Telephone: (423) 756-7333

                Gwendolyn C. Payton (*appearing pro hac vice*)
                gpayton@ktslaw.com
                KILPATRICK TOWNSEND & STOCKTON LLP
                1420 Fifth Ave., Suite 3700
                Seattle, WA 98101
                Telephone: (206) 626-7714

                Stephanie N. Bedard (*appearing pro hac vice*)
                sbedard@ktslaw.com
                KILPATRICK TOWNSEND & STOCKTON LLP
                1100 Peachtree Street, Suite 2800
                Atlanta, GA 30309
                Telephone: (404) 815-6039

                *Counsel for Defendant BlueCross BlueShield of Tennessee, Inc.*

# CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF filing system which automatically sends email notifications of such filing to the following attorneys of record:

| | |
|---|---|
| Norris A. Adams, II<br>nadams@essexrichards.com<br>ESSEX RICHARDS, P.A.<br>1701 South Boulevard<br>Charlotte, NC 28203<br>Telephone: (704) 377-4300 | Stephanie A. Casey<br>scasey@colson.com<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Telephone: (305) 476-7400 |
| Elizabeth K. Green<br>egreen@greenhealthlaw.com<br>GREEN HEALTH LAW, APC<br>201 N. Brand Blvd., Ste 200<br>Glendale, CA 91203<br>Telephone: (818) 722-1164 | Timothy James Rozelle<br>trozelle@kantorlaw.net<br>KANTOR & KANTOR, LLP<br>9301 Corbin Avenue, Suite 1400<br>Northridge, CA 91324<br>Telephone: (818) 886-2525 |
| | Kaci Garrabrant<br>kgarrabrant@buchanandisability.com<br>ERIC BUCHANAN & ASSOCIATES, PLLC<br>414 McCallie Avenue<br>Chattanooga, TN 37402<br>Telephone: (423) 634-2506 |

This 16th day of July, 2024.

                                           *s/ Gwendolyn C. Payton*
                                           GWENDOLYN C. PAYTON